*465 Opinion by
Mr. Justice Sutton.
This dispute involves an amended cross-claim for breach of warranty and concerns the construction of a warranty deed dated March 5, 1954, wherein Donna Arlene Gold, H. Michael Jultak and Selma L. Jultak (herein called grantors) deeded certain land in Arapahoe County, Colorado, to Frankell and Bernice Lee Webb (herein referred to as grantees). The action out of which this controversy arose was a successful quiet title suit by the Denver Water Board concerning part of the ditch right-of-way hereinafter mentioned and to which action these grantors and grantees were made parties. The trial court held for grantors dismissing the cross-claim and grantees bring error.
The record discloses that grantors owned certain land lying along the south side of East Colfax Avenue east of Denver. Part of their tract was traversed on the east side by a right-of-way of the High Line Canal Sand Creek Lateral Ditch owned by the City and County of Denver. Also, it appears that one of the grantors’ predecessors in title in 1952 had quit claimed the disputed part of the ditch right-of-way to Denver which merely confirmed Denver’s earlier possessory right.
Shorn of extraneous facts the dispute arose because the warranty deed to grantors, which was admitted in evidence, shows that it first contained in the granting clause two separate metes and bounds descriptions each of which was originally followed by this language, to-wit: “excepting therefrom the High Line Canal Sand Creek Lateral Ditch right-of-way.” The evidence is that at the sale closing the above wording was lined out and the following language added after the warranty clause, to-wit: “subject to the right-of-way of the High Line Canal Sand Creek Lateral Ditch;”. This latter phrase came immediately after the usual printed wording and after an exception relating to 1954 general taxes and a “subject to” trust deed and note phrase.
*466 It also appears that in 1954 the ditch 'was blocked at Colfax Avenue and there was some thought at the time that the right-of-way would be abandoned by the Water Board.
At the trial of the case grantors unsuccessfully attempted to introduce parol evidence to show the reason for the alteration of the deed in the above particulars and in view of the result obtained it was immaterial there and here as to this issue.
■ The court at the conclusion of the trial said:
“The Court is going to dismiss the action, dismiss the cross-claim. The statute of limitations as to the covenants of seisin of course has run. The statute of limitations as to the' covenants of warranty I am not going to decide. * * *
“The property was taken (i.e. deeded) subject to the right-of-way of the Highline Canal. The Court cannot construe the document in any other manner than that in which it appears. The parol evidence rule would forbid the Court from receiving any evidence explaining what the ‘subject to the right-of-way of the High-line Canal Sand Creek Lateral Ditch’ was intended to mean. It is clear to the Court what it means: That the property is conveyed subject to that right-of-way, whoever may own the right-of-way.” (Part in parenthesis added.)
“Now, it appears to the Court that the grantees were aware at the time of the delivery of the deed * * * that the property described in the deed itself was subject to the right-of-way of the Highline Canal.”
In our view of the record the trial court in ruling on the disputed area considered the term right-of-way in effect to be the same as title which title it found to be in the Denver Water Board. Thus, the court, for example, properly refused to rule as to the applicability of the statute of limitations to the covenants of warranty for land not owned by grantors and knowingly not received by grantees.
*467 The quit claim deed, to the Water Board was of record prior to the sale to these grantees and when they prevailed upon grantors to convey the disputed area not subject to the warranty it had only the effect of quit claiming to grantees whatever right or title, if any, grantors then had to that property. From this record it appears they had no record right or title to the disputed area.
The judgment is affirmed.
Mr. Justice Day and Mr. Justice Pringle concur.